09-1645-ag
Islam v. Holder

BIA
Videla, IJ
A093 451 270

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand ten.

PRESENT:
    DENNIS JACOBS,
        *Chief Judge,*
    JON O. NEWMAN,
    GERARD E. LYNCH,
        *Circuit Judges.*

_____

SHAFIQUL ISLAM,
        *Petitioner,*

    v.                                          09-1645-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        David J. Rodkin, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Ernesto H.
                       Molina, Jr., Assistant Director;
                       Andrew N. O'Malley, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Shafiqul Islam, a native and citizen of Bangladesh, seeks review of a March 31, 2009, order of the BIA, affirming the July 18, 2007, decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shafiqul Islam,* No. A093 451 270 (B.I.A. Mar. 31, 2009), *aff'g* No. A093 451 270 (Immig. Ct. N.Y. City July 18, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and the IJ's decisions. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. *See Corovic,* 519 F.3d at 95. That determination was based on: (1) Islam's demeanor; (2)

internal inconsistencies in Islam's testimony regarding where an alleged 2005 beating took place, when he resumed his political activities upon his return to Bangladesh, and why he failed to report his kidnaping to authorities; (3) the omission from Islam's asylum application of any assertion that his alleged persecutors ordered him to end his membership in the Awami Youth League; and (4) Islam's failure to offer available corroboration. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Moreover, the agency did not err in declining to credit the explanations Islam offered for these discrepancies. *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d. Cir. 2005).

Because the only evidence of a threat to Islam's life or freedom depended on his credibility, the agency's adverse credibility determination was fatal to his application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

3

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk